## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLEN E. KAYE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 16-cv-485 (TSC) |
| | ) |
| **UNITED STATES CITIZENSHIP AND** | ) |
| **IMMIGRATION SERVICES**, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

On February 8, 2016, counsel for the Plaintiff submitted a FOIA request to the Defendant United States Citizenship and Immigration Services ("Agency") seeking a "complete copy of the Record of Proceedings in File No. SCR-ll-009-50333" and "the record of proceedings of the form 1-130 filed by Sookhia Persaud upon behalf of Dhanragle Budharm." (Defs. Statement of Facts "SOF") ¶ 1). By letter dated February 19, 2016, Defendant acknowledged receipt of the FOA request and invoked a statutory extension of time in which to produce the requested documents. (*Id*.); *see* 5 U.S.C. § 552(a)(6)(B). Before the Defendant's time to respond expired, Plaintiff filed this lawsuit on March 11, 2016. (Defs. SOF ¶¶ 2-4).

After Defendant filed an answer, the court ordered the parties to propose a briefing schedule. Adopting the proposed deadlines, this court entered an order on May 15, 2016 imposing the following briefing schedule:

<u>Plaintiff's</u> dispositive motion due by July 15, 2016.

Defendant's Opposition to Plaintiff's Motion for Summary Judgment and COMBINED Cross-Motion for Summary Judgment due by August 15, 2016.

<u>Plaintiff's Reply</u> and Combined Opposition to Defendant's Cross-Motion for Summary Judgment due by September 12, 2016.

Before Plaintiff's dispositive motion was due, Defendant responded to Plaintiff's FOIA request by releasing 73 pages of documents in their entirety and twelve pages partially redacted. (Defs. SOF ¶ 5). Plaintiff's summary judgment due date, July 15, 206, came and went without a filing by Plaintiff or a motion seeking an extension. Defendant filed its summary judgment motion, arguing that: (1) Plaintiff failed to exhaust his administrative remedies; and (2) the agency conducted a thorough search and released to Plaintiff all non-exempt responsive records. (ECF No. 8). Defendant also submitted a *Vaughn* index and a Declaration prepared by Jill Eggleston, Associate Center Director in the Freedom of Information and Privacy Act Unit, explaining that the agency released seventy-three pages in their entirety and withheld portions of twelve pages information pursuant to three FOIA Exemptions:

- Exemption 6(b) protects the "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . . ." 5 U.S.C. § 552(b)(6). Pursuant to this exemption, the Defendant redacted information about third party individuals, such as their home addresses, birthdates and citizenship information. (Defs. SOF ¶ 7).

- Exemption 7(e) protects from disclosure law enforcement records "to the extent that the production of such. . .information . . .would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(**7**)(E). Pursuant to this exemption, Defendant redacted law enforcement sensitive information on three pages: (1) handwritten notes that would reveal the manner in which immigration officers communicate background, national security and other concerns that may arise in the adjudication of an application for immigration benefits; (2) information obtained in background checks associated with an immigration application; and (3)

    information obtained during an Interagency Border Inspection Service check. (Defs. SOF ¶ 8; *Vaughn* Index Nos. 3, 11, 12).

- Exemption 7(c) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(**7**)(**C**). Pursuant to this exemption the Defendant redacted information on one page which "includes numerical identifying information for an Immigration Agent conducting a background check." (Defs. SOF ¶ 9; *Vauhn* Index No. 11).

Plaintiff's response to Defendant's motion was due on September 12, but Plaintiff has not filed a response or sought leave for an extension. The Local Civil Rules of this court provide that the "the court may treat [a] motion as conceded" when a party fails to file a memorandum in opposition to a motion. LCvR 7(b). Likewise the rules provide that the court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h).

In light of Plaintiff's failure to respond to the motion or seek leave to extend its filing deadline, the court will GRANT Defendant's motion as conceded, enter summary judgement on behalf of Defendants and dismiss this action with prejudice.

Date: October 4, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge